```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MMI ENGINEERING, LTD. and      )
MMI ENGINEERING, INC.,         )
     Plaintiffs,               )
                               )
          v.                   )  C.A. No. 13-11369-MLW
                               )
                               )
OLIVER HEYNES and INSIGHT      )
NUMERICS, LLC,                 )
     Defendants.               )
```

                               ORDER

WOLF, D.J.                                          June 10, 2013

On June 7, 2013, defendants MMI Engineering, Ltd. and MMI Engineering, Inc. removed this case to this court from Suffolk Superior Court for the Commonwealth of Massachusetts. The complaint asserts only state law claims. The Notice of Removal states that there is jurisdiction in federal court based on diversity of citizenship because the plaintiffs are citizens of the United Kingdom and Texas, the defendants are citizens of Massachusetts, and the amount in controversy is over $75,000. See Notice of Removal (Docket No. 1). Following removal, the plaintiffs filed an Emergency Motion for Expedited Discovery in which they seek an order requiring the defendants to answer certain discovery requests in advance of the Federal Rule of Civil Procedure 26(f) conference. The plaintiffs seek to use expedited discovery responses in support of a potential motion for preliminary injunction. Plaintiffs also seek an immediate hearing on their emergency motion. See Pls.' Req. for Immediate Hr'g on

Emergency Mot. (Docket No. 6).  The defendants oppose the request for an immediate hearing.  See Defs.' Opp. (Docket No. 7).

Removal of this case to federal court appears to violate 28 U.S.C. §1441(b)(2), which states:

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the States in which such action is brought.

This rule is known as the "forum defendant rule."  See Howard v. Genentech, Inc., No. 12-11153-DPW, 2013 WL 680200, at *6 (D. Mass. Feb. 21, 2013).  In this action, which is removable solely on the basis of diversity jurisdiction, plaintiffs allege defendants are each citizens of Massachusetts.  See Complaint ¶¶5, 6; see also Notice of Removal.  If true, and if the defendants were "properly joined and served," removal of this case is improper based on the forum defendant rule.  See 28 U.S.C. §1441(b)(2).  A majority of federal courts have held that the forum defendant rule is statutory, not jurisdictional, and therefore may be waivable by the plaintiff.  See Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 378-80 (7th Cir. 2000) (citing cases).  But see Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992).

The plaintiffs have not stated whether they oppose the removal and request the remand to which they are evidently entitled.  See Hurley, 222 F.3d at 378.  The statute provides that they have 30 days to do so.  See 28 U.S.C. §1447(c).  However, the court wishes

to determine whether it has jurisdiction before addressing the plaintiffs' emergency motion and other substantive matters.

Accordingly, it is hereby ORDERED that:

1. By 12:00 noon on June 12, 2013, the plaintiffs shall state whether they object to the removal of this case and request a remand.

2. If the plaintiffs do not object to the removal, then the defendants shall, by June 13, 2013, file an opposition to the plaintiffs' Emergency Motion for Expedited Discovery (Docket Nos. 4, 8), which the court will decide if it determines that it has jurisdiction in this case.

       /s/ Mark L. Wolf  
UNITED STATES DISTRICT COURT